IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,426-02






EX PARTE JOSE ROBERT AVALOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR19713-B IN THE 35TH DISTRICT COURT


FROM BROWN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault
and was sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance, that his
plea was not knowingly and voluntarily entered, and that the State knowingly failed to disclose
exculpatory evidence to the defense. Applicant alleges that had counsel properly investigated and
interviewed witnesses, counsel would have learned that the complainant had filed an affidavit of
non-prosecution. Applicant alleges that the prosecutor threatened the complainant with perjury
charges if she recanted her allegations. Applicant also alleges that three other witnesses gave
statements to police in which they stated that the complainant admitted that she had fabricated the
allegations against Applicant. Applicant also alleges that counsel failed to file pre-trial motions for
discovery and disclosure of exculpatory evidence by the State. Applicant alleges that counsel failed
to consult with him until the date of the plea, and then told Applicant that if he did not accept the
plea the day it was offered, the State would seek a life sentence. Applicant alleges that counsel
convinced him to enter the plea by promising him that he would appeal the conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the plea papers, including the
written admonishments, waivers and stipulations, and written plea agreement. If there was an
express waiver of appeal, the trial court shall supplement the record with a copy of the waiver, in
addition to a copy of the trial court's certification of defendant's right to appeal. The trial court shall
make findings as to whether the complainant signed an affidavit of non-prosecution, and as to
whether three other witnesses gave exculpatory statements to investigating police. If such affidavits
and statements existed, the trial court shall make findings as to whether they were disclosed to the
defense before the date of the plea. The trial court shall then make findings of fact and conclusions
of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to
whether Applicant's plea was knowingly and voluntarily entered, and as to whether Applicant
expressed a desire to appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 27, 2012

Do not publish